Todd M. Friedman (SBN 216752)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, California 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com

Michael L. Greenwald (*pro hac vice* application to follow)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kourtney Richardson, *on behalf of herself and others similarly situated*, | ) Case No. |
| | ) |
| | ) PLAINTIFF'S CLASS ACTION |
| Plaintiff, | ) COMPLAINT |
| | ) |
| vs. | ) JURY DEMANDED |
| | ) |
| Rash Curtis & Associates, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### Nature of this Action

1.     Kourtney Richardson ("Plaintiff") brings this class action against Rash Curtis & Associates ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692d, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788.17.

2.     Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3.     Upon information and belief, Defendant routinely violates the TCPA by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system or an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant routinely dials wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls.

4.     Section 1692d of the FDCPA provides, in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

5.      Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to call consumers for the purpose of debt collection even after being informed that it is calling the wrong person.

6.      Section 1788.17 of the Rosenthal Act provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.

7.      By violating the FDCPA, Defendant also systematically violates the Rosenthal Act.

## Jurisdiction

8.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

9.      Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant resides and transacts business in this district, and as a substantial part of the events giving rise to this action occurred in this district.

**Parties**

10.    Plaintiff is a natural person who at all relevant times resided in Pittsburg, California.

11.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.    Defendant is a debt collection company based in Vacaville, California.

13.    Defendant touts itself as a "full service revenue recovery specialist."[1]

14.    Defendant states that it "deliver[s] client-tailored letter and scripted call-based collection services for all industries including, retail, commercial, banking and government."[2]

15.    Defendant "use[s] a very sophisticated, next generation revenue cycle software tool that proactively prompts [its] collection's personnel where to focus their time and talents and provides definable alerts to supervisors. The tool includes mentoring software that focuses on results, guides collectors through payment strategies, and trains new employees."[3]

16.    Defendant also states that it uses "cutting-edge technology and innovative industry practices" as part of its collection efforts.[4]

---

[1]    http://rashcurtis.com/ (last visited Apr. 10, 2017).
[2]    http://rashcurtis.com/services/retail-collection-services/rashcurtis.com/ (last visited Apr. 10, 2017).
[3]    http://rashcurtis.com/services/5-reasons-to-outsource/ (last visited Apr. 10, 2017).
[4]    http://rashcurtis.com/services/ (last visited Apr. 10, 2017).

17.     To that end, Defendant utilizes its DAKCS system for managing its debt collection activities and placing calls to alleged debtors.[5]

18.     DAKCS is a debt collection software platform that includes e-signature and e-payment, credit and risk scoring, secure client access and consumer payment portal access, integrated IVR and predictive dialing, and accounts receivable software automation."[6]

19.     Defendant records all of its calls to consumers.[7]

20.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### Factual Allegations

21.     In an attempt to contact a third party unknown to Plaintiff for the purpose of attempting to collect a debt in default, Defendant placed numerous calls to cellular telephone number (925) 565-xxxx—a number for which Plaintiff is the sole subscriber and customary user.

22.     By way of example, Defendant called Plaintiff's cellular telephone number on, among other dates, January 30, 2017, January 31, 2017, February 7, 2017, February 9, 2017, February 10, 2017, February 13, 2017, February 17, 2017, February 20, 2017, February 21, 2017, February 23, 2017, February 24, 2017, February 25, 2017, February 27, 2017, March 10, 2017, and March 16, 2017.

---

[5]     *Id.*
[6]     https://www.dakcs.com/ (last visited Apr. 10, 2017).
[7]     http://rashcurtis.com/services/ (last visited Apr. 10, 2017).

23.    Upon information and good faith belief, Defendant's records will show additional calls that it made to Plaintiff's cellular telephone number with an automatic telephone dialing system or an artificial or prerecorded voice.

24.    Defendant called Plaintiff's cellular telephone number from (707) 454-2010 and (866) 729-2722—telephone numbers assigned to Defendant.

25.    Defendant placed all of the above-referenced calls in an effort to contact and collect a debt allegedly owed by a third party, unknown to Plaintiff.

26.    Upon answering several of Defendant's calls, Plaintiff was greeted by a voice recording.

27.    On multiple occasions, Plaintiff informed Defendant that it was calling the wrong person and instructed Defendant to stop calling her.

28.    No matter, despite Plaintiff's demand that Defendant stop placing calls to her, Defendant continued to place calls to Plaintiff's cellular telephone number.

29.    Upon information and good faith belief, and in light of the frequency, character, and nature of the calls, including that Defendant's calls utilized a prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

30.    Upon information and good faith belief, and in light of the frequency, character, and nature of the calls, including that Defendant's calls utilized a prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number

by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

31.    Upon information and good faith belief, and in light of the frequency, character, and nature of the calls, including that Defendant's calls utilized a prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports

and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

32.    Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

33.    Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

34.    Defendant did not have Plaintiff's prior express consent to make any calls to her cellular telephone number.

35.    Rather, Defendant was attempting to reach a third party who is unknown to Plaintiff, for the purpose of debt collection.

36.    Plaintiff never provided her cellular telephone number to Defendant.

37.    Plaintiff never had any business relationship with Defendant.

38.     Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

39.     Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

40.     Upon information and good faith belief, Defendant placed the calls at issue to Plaintiff willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

41.     Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system or an artificial or prerecorded voice to place the calls at issue to Plaintiff.

42.     Plaintiff suffered harm as a result of Defendant's telephone calls at issue in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

43.     As well, Defendant's telephone calls at issue depleted or consumed, directly or indirectly, Plaintiff's cellular telephone minutes, for which she paid a third party.

44.     Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

## Class Action Allegations

45.    Plaintiff brings this action as a class action under Federal Rule of Civil

Procedure 23(a) and (b) on behalf of herself and two classes of similarly situated

individuals as defined below:

### TCPA Class

All persons and entities throughout the United States (1) to whom
Rash Curtis & Associates placed, or caused to be placed, calls (2)
directed to a number assigned to a cellular telephone service, by (3)
using an automatic telephone dialing system or an artificial or
prerecorded voice, (4) from four years prior to the date of this
complaint through and including the date of class certification, (5)
absent prior express consent—in that the called party was not the
intended recipient of the calls.

### Debt Collection Class

All persons and entities throughout the United States (1) to whom
Rash Curtis & Associates placed, or caused to be placed, calls, (2)
from one year prior to the date of this complaint through and
including the date of class certification, (3) and in connection with
the collection of a consumer debt, (4) after the called party informed
Rash Curtis & Associates that it was calling the wrong person.

Excluded from the classes are Defendant, its officers and directors, members of their

immediate families and their legal representatives, heirs, successors, or assigns, and

any entity in which Defendant has or had a controlling interest.

46.    The proposed classes are so numerous that, upon information and

belief, joinder of all members is impracticable.

47.     The exact number of members of the classes is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

48.     The proposed classes are ascertainable because they are defined by reference to objective criteria.

49.     In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant and third parties.

50.     Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

51.     Like all members of the proposed TCPA Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without her consent, in violation of 47 U.S.C. § 227.

52.     Further, like all members of the proposed Debt Collection Class, Plaintiff received telephone calls from Defendant in connection with the collection of a consumer debt that she did not owe, after informing Defendant that it was calling the wrong person.

53.    Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

54.    Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the classes that she seeks to represent.

55.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

56.    Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

57.    There will be little difficulty in the management of this action as a class action.

58.    Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

59.    Among the issues of law and fact common to the classes are:

    a.  Defendant's violations of the TCPA as alleged herein;

    b.  Defendant's violations of the FDCPA as alleged herein;

c.  Defendant's use of an automatic telephone dialing system as defined by the TCPA;

d.  Defendant's use of an artificial or prerecorded voice;

e.  Defendant's practice of making calls to wrong or reassigned telephone numbers;

f.  Defendant's practice of continuing to call consumers after being informed it is calling the wrong number;

g.  Defendant's status as a debt collector as defined by the FDCPA; and

h.  the availability of statutory damages.

60.   Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**

61.   Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 60.

62.   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number, without her consent.

63.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 15 U.S.C. § 1692d

64.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 60.

65.    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

66.    Defendant did so by repeatedly dialing Plaintiff's cellular telephone number for the purpose of attempting to collect a debt after being informed it was calling the wrong person and after being instructed to stop calling.

### Count III: Violation of Cal. Civ. Code § 1788.17

67.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 60.

68.    The Rosenthal Act at Section 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.

69.    Defendant violated Cal. Civ. Code § 1788.17 by violating the FDCPA.

**Jury Trial Demanded**

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c)    Adjudging that Defendant violated 15 U.S.C. § 1692d, and enjoining Defendant from further violations of 15 U.S.C. § 1692d with respect to Plaintiff and the other members of the Debt Collection Class;

(d)    Adjudging that Defendant violated Cal. Civ. Code § 1788.17, and enjoining Defendant from further violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff and the other members of the Debt Collection Class;

(e)    Awarding Plaintiff and members of the TCPA Class actual damages, or statutory damages under 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(f)    Awarding Plaintiff and members of the Debt Collection Class statutory damages under the FDCPA and Rosenthal Act;

(g)    Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, under 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(h)    Awarding other and further relief as the Court may deem just and proper.

Dated April 11, 2017                    Respectfully submitted,

                                       /s/ Todd M. Friedman
                                       Todd M. Friedman (SBN 216752)
                                       Law Offices of Todd M. Friedman, P.C.

                                       Michael L. Greenwald*
                                       Greenwald Davidson Radbil PLLC
                                       5550 Glades Road, Suite 500
                                       Boca Raton, FL 33431
                                       Phone: (561) 826-5477
                                       Fax: (561) 961-5684
                                       mgreenwald@gdrlawfirm.com

                                       * *pro hac vice* application to follow

                                       Counsel for Plaintiff and the proposed classes